## DIONYSIUS SHERIFF Exc'r of H. H. WARING, *vs.* NEGROES CHARLES, and others.

The orphans court has no right, on the application of the executor, to pass an order for the sale of negroes manumitted by the will to pay debts, *pending* a bill filed *in equity* by such negroes, asking for the marshalling of assets, and the adjustment of the proportions in which the several legatees were bound to contribute to the payment of the debts, in order to enable the complainants to prosecute their petition for freedom.

APPEAL from the Orphans Court for Prince Georges county.

After the appellees in this case had filed their bill in the circuit court for an injunction, as stated in the *preceding case,* the executor, the present appellant, filed his petition in the orphans court, asking for the passage of an order directing a sale of *the appellees* for terms of years or for life, for the payment of the debts of his testator.

With this petition the executor exhibits the will of the testator showing the appellees to be thereby manumitted, as stated in the preceding case, and then alleges, that the whole of the *personal estate* other than the appellees, amounts to $1939.83; that he has sold the real estate as directed by the will for $4000, which, when received, he will be compelled to pay over to the *specific legatees* thereof under the will; that he has recently passed in this court an administration account, in which he has been allowed for payments and disbursements $3284.84,

showing an overpayment of the estate, not including the appraised value of the appellees, of $1345.01; that he has realised from the hires of the appellees $1242.50, which he has applied in paying the debts of the estate; that there is yet due debts besides judgments amounting to $1413.14, and judgments recovered against him as executor, amounting to $2348.65, and that the entire indebtedness of the estate now amounts to $3864.30, and that the only property in the hands of the petitioner liable to pay this indebtedness is the appellees, and that the testator left no property to pay the same except the said negroes, all of whom have been levied on by the sheriff under *fi. fas.*, issued by judgment creditors. Inasmuch, therefore, as the personal estate is the primary fund set apart by law for the payment of the debts of a deceased party, the petitioner prays the court to pass an order authorising him to sell said negroes for life, or for such terms of years as will realize a sum sufficient to pay all the debts of the estate.

With this petition there were filed as exhibits, the administration account and lists of debts and judgments therein referred to. The court refused to pass the order as prayed and dismissed the petition. From this decision the executor appealed.

The cause was argued before LE GRAND, C. J., ECCLESTON and BARTOL, J.

*Samuel H. Berry* and *C. C. Magruder* for the appellant.

1st. The orphans court clearly erred in refusing to pass an order to sell for life or for a term of years, the negroes of the testator to pay his debts as prayed by the executor, the petition and exhibits filed therewith, showing the propriety and necessity of the order. *Act of 1798, ch. 101, sub-ch. 8, secs. 3, 4. 6 Md. Rep., 347, Lowe vs. Lowe.* The personal estate is the primary fund for the payment of debts. *2 G. & J., 32, Simmons vs. Drury. 10 G. & J., 143, Stevens vs Grigg. 4 Md. Rep., 335, Magruder & Tuck vs. Carroll.*

2nd. The jurisdiction of the orphans court is not general but a limited jurisdiction, and they could not, and in consideration of the executor's application in this case, that court should

not have refused the order to sell, because they were of opinion from the provisions of the will, that the proceeds of sale should have been applied to the payment of the testator's debts. See authorities cited under 2nd and 3rd points for the appellees in the preceding case, and also 6 *Gill*, 299, *Cornish vs. Wilson*, and 8 *Gill*, 58, *Stewart vs. Pattison.*

*Daniel C. Digges* and *Thos. G. Pratt* for the appellees, relied upon the 2nd, 3rd, 4th and 5th points, urged by them in the preceding case, and also insisted that there were numerous errors in the administration account of the executor, and that the account properly stated would show an outstandin indebtedness of only $691.43.

L E GRAND, C. J., delivered the opinion of this court.

We are of opinion the court properly refused the prayer of the petition of the appellant. It is clear from the language of the will of his testator, that he intended to set free all his slaves, which he did, so far as he could do so, by unequivocal language. The substance of the averments of the petition may be thus given: that the personal estate of the deceased, other than the negroes, was inadequate to the payment of its debts; that some of the creditors had prosecuted their claims to judgment, and that all the other property of the testator had been specifically bequeathed, and that the negroes were the primary fund out of which the debts were to be paid. There had been no marshalling of the assets of the estate, so as to show what was the deficiency of personalty, nor any adjustment of the proportions in which the several legatees, if bound to do so at all, were to contribute to the payment of the debts of the estate. Until these facts were established, the orphans court properly refused the prayer of the executor. Had it been granted, the rights of the negroes would have been concluded, when, under the law of this State, they had the right to have them passed upon by a court of equity, prior to the determination of their petition for freedom.

*Order affirmed with costs.*